IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                         Case No. 07-CR-10034-01-JTM
                                                                                                              No. 16-CV-1179-JTM

ACE A. ALDERSHOF,

    Defendant.

MEMORANDUM AND ORDER
DENYING MOTION TO VACATE SENTENCE

Before the court is defendant Ace Aldershof's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and *United States v. Johnson*, 135 S.Ct. 2551 (2015). Dkt. 121. Defendant argues that his career offender enhancement is unconstitutional under *Johnson*. The government counters that because defendant's career offender status had no impact on his overall sentence, the motion should be denied. Alternatively, the government requests stay of this matter until the Supreme Court decides *Beckles v. United States*, Dkt. No. 15-8544, *cert. granted,* June 27, 2016. Dkt. 128. For the reasons stated below, the court denies the motion to vacate sentence.

**I.     Factual Background**

On September 12, 2007, defendant pled guilty to one count of attempted possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. He was considered a career offender based on his prior felony convictions for aggravated assault and criminal threat. Presentence Investigation Report (PIR) at 23, ¶ 71. He had a total of 25 criminal history points, which placed him in category VI, the same category as a career offender. *Id.*, ¶¶ 68-70. The offense level computation was 31 under both U.S.S.G. §§ 2D1.1 and 4B1.1. *Id.* at 8-9, ¶¶ 29-41.

1

Based on this information, defendant's statutory sentence was a minimum term of 5 years and a maximum of 40 years, and his guideline range was 188 to 235 months. *Id.* at 39, ¶¶ 134-35. The court, however, granted the government's motion for downward departure, and sentenced defendant to a controlling term of 144 months. Defendant is scheduled to be released from the Bureau of Prisons on October 1, 2017.

On June 6, 2016, defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. Defendant requests resentencing without the career offender enhancement, which he claims makes him eligible for immediate release. Dkt. 121 at 5.

**II.     Analysis**

As an initial matter, the court finds no need for an evidentiary hearing because the files and records in this case conclusively show that defendant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Likewise, the court finds it unnecessary to decide whether *Johnson* invalidates defendant's career offender enhancement. A recommended guidelines range consists of two parts—an offense level computation and a criminal history score. Aldershof's criminal history fell in category VI even before applying the career offender enhancement. And the applicable offense level was 31 under the base offense guideline, U.S.S.G. § 2D1.1(c)(3). Thus, even if the court resentenced defendant without treating him as a career offender, his sentence remains the same. Accordingly, the court denies defendant's motion to vacate as moot.

### III. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the court finds that defendant has not satisfied this standard. The court therefore denies a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** this 17th day of August 2016, that defendant's motion to vacate (Dkt. 121) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on this § 2255 motion is **DENIED**.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge