IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 07-CR-10034-01-JTM
      No. 16-CV-1179-JTM

ACE A. ALDERSHOF,

    Defendant.

MEMORANDUM AND ORDER ALTERING
JUDGMENT ON MOTION TO VACATE SENTENCE

On August 17, 2016, the court issued an order denying Ace Aldershof's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 131) with a corresponding judgment dismissing the civil case (Dkt. 1). The court found the motion moot because even if the court resentenced defendant without treating him as a career offender, his guideline range was the same (188 to 235 months), based on a criminal history category of VI and an offense level of 31 under U.S.S.G. § 2D1.1(c)(3). This, however, is incorrect. Accordingly, the court will alter its order sua sponte. *D.L. v. Unified Sch. Dist. #497*, Case No. 00-2439-CM, 2002 WL 31296445 at *2 (D. Kan. Oct. 1, 2002) (the Tenth Circuit recognizes that a district court may alter or amend one of its orders sua sponte pursuant to Federal Rule of Civil Procedure 59(e), if the court acts within 10 (now 28) days of the entry of judgment).

At first glance, the Government's response appears correct that any *Johnson* error was harmless, because defendant's guideline range would have been the same at sentencing with or without the § 4B1.1 career offender enhancement. But although that was true at the time of

1

sentencing, it no longer appears to be the case. Amendment 782 to the guidelines reduced the base offense levels assigned to drug quantities in § 2D1.1, effectively lowering the guidelines for some drug offenses. *See* U.S.S.G., Suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). The amendment became effective November 1, 2014, and applies retroactively. The catch is that the amendment has no impact on a sentence that was based on the career-offender provision under § 4B1.1. *See United States v. Parker*, 2016 WL 1459518, *2 (10th Cir. 2016). As such, the *Johnson* issue might have an effect on the defendant's entitlement to a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant's case involved 302.373 grams of actual methamphetamine. The base offense level for that quantity is now 32, U.S.S.G. § 2D1.1(c)(4), and with a three level reduction for acceptance of responsibility, the total offense level would be 29. That coupled with a criminal history category of VI would result in a guideline range of 151 to 188. Because defendant's original sentence fell below the then-applicable guideline range due to a government-filed substantial assistance motion under U.S.S.G. § 5K1.1, the court could reduce his sentence under § 3582(c)(2) below the amended Guidelines range by a comparable number of months. *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016)

But eligibility under that provision depends in the first instance upon *Johnson* applying retroactively to the guidelines – the question the Supreme Court will decide in *Beckles*. Because the Supreme Court will likely provide a definitive answer to the *Johnson* issue, the court concludes it is in the interest of judicial economy to stay the defendant's motion until the Supreme Court issues a ruling in *Beckles*.

3

**IT IS THEREFORE ORDERED** this 1st day of September, 2016, that further action on defendant's Motion to Vacate under § 2255 (Dkt. 121) is hereby STAYED pending a decision by the U.S. Supreme Court in *Beckles v. United States*, Docket No. 15-8544 (June 27, 2016).

**IT IS FURTHER ORDERED** that the orders entered on August 17, 2016 are VACATED.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge