IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 07-CR-10034-01-JTM
                                              No. 16-CV-1179-JTM

ACE A. ALDERSHOF,

    Defendant.


**MEMORANDUM AND ORDER
GRANTING MOTION TO LIFT STAY
AND GRANTING MOTION TO VACATE**

On September 1, 2016, the court issued an order (Dkt. 132) staying further action on defendant's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 121), pending a decision by the United States Supreme Court in *Beckles v. United States*, Docket No. 15-8544 (June 27, 2016). Defendant now moves to lift the stay (Dkt. 135), arguing that he is entitled to immediate release if the court rules in his favor, removes the career offender status in calculating his guideline range, and gives him a reduction for his substantial assistance under U.S.S.G. § 5K1.1 that corresponds to the one granted at his initial sentencing.[1] The government argues that "[u]nless and until the Supreme Court finds *Johnson* applies retroactively to the Guidelines, any relief afforded the defendant would be premature and quite possibl[y] contrary to established – and

---

[1] Defendant subsequently filed a motion to amend (Dkt. 137) his motion to lift the stay. Although styled as a motion to amend, it is essentially supplemental authority in support of the motion to lift the stay. Because it was filed before defendant's deadline to file his reply expired, the court will consider it as his reply. Accordingly, the court denies the motion to amend as unnecessary.

1

imminent – Supreme Court precedent." Dkt. 136 at 2. For the following reasons, the court grants the motion to lift the stay, and will now consider the § 2255 motion on the merits.

**I.     Motion to Lift Stay**

In civil cases, the Tenth Circuit has ruled that "[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000). This rule vindicates the underlying principle that a party's right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983). A criminal defendant's right to proceed on a § 2255 motion is equally if not more important than an ordinary civil litigant. *See Yong v. I.N.S*., 208 F.3d 1116, 1120 (9th Cir. 2000) (explaining that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy").

As of the date of this Order, defendant has served almost 107 months of his 144-month sentence. Without career offender status, defendant would have an adjusted base offense level of 29 and a Criminal History Category VI, resulting in a guideline range of 151 to 188 months. If the court decided to grant a corresponding reduction of 23% from the recalculated low end of the range for his substantial assistance under U.S.S.G. § 5K1.1, this would result in a potential new sentence of 116 months. Taking into account good time credit, defendant might be eligible for immediate release. Accordingly, there exists a fair possibility that the stay would damage this defendant by delaying his release from prison. And although it would save judicial resources to wait for the Supreme Court's decision in *Beckles*, defendant's possible right to immediate release trumps any judicial economy that a stay would further. For these reasons, the court grants the

motion to lift stay. *See United States v. Miller*, Case No. 16-8080 (10th Cir. Nov. 2, 2016) (directing district court to vacate its prior order staying the case and consider defendant's § 2255 motion on the merits); *United States v. Carey*, Case No. 16-8093, 2016 WL 6543343, at *3 (10th Cir. Nov. 4, 2016) (same); *United States v. Smith*, Case No. 16-8091 (10th Cir. Nov. 9, 2016) (same). The court, however, reserves ruling on the question of whether a stay would be appropriate in cases where a defendant's likely release date is after *Beckles* is likely to be decided.

**II.     Motion to Vacate Sentence Under § 2255**
         **A.     Retroactivity of *Johnson* as Applied to Guidelines**

In *United States v. Daugherty*, Case No. 07-87, 2016 WL 4442801 (N. D. Okla. Aug. 22, 2016), Judge Terence Kern concluded that a *Johnson/Madrid* challenge to a Guidelines sentence may be raised by a defendant on collateral review with the following analysis:

> "The normal framework for determining whether a new rule applies to cases on collateral review stems from the plurality opinion in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)." *Welch*, 136 S. Ct. at 1264. Under that framework, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* (internal quotations omitted). Two categories of decisions fall outside this general bar on retroactivity: (1) new "substantive" rules of criminal procedure; and (2) new "watershed" rules of criminal procedure. *Id.* Defendant invokes only the exception for new "substantive" rules.
>
> *Welch* explained how to determine whether a new rule is substantive or procedural:
>
>> A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Procedural rules, by contrast, regulate only the manner of determining the defendant's culpability. Such rules alter the range of permissible methods for determining whether a defendant's conduct is punishable. They do not produce a class of persons convicted of conduct the law does not make

criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.

*Welch*, 136 S. Ct. at 1264–65 (internal citations omitted). The *Johnson* rule was substantive because it "changed the substantive reach" of the ACCA and altered the class of persons that the ACCA punishes. The Court reasoned:

> Before *Johnson*, the [ACCA] applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause.

*Id.* (internal citations and quotations omitted).

Applying *Teague* and *Welch*, the United States argues that invalidity of a statutory sentencing mandate must be contrasted with invalidity of an advisory Guideline range. The United States contends that an "erroneous career-offender designation is a procedural step in a multi-step process that results in a court's selection of a sentence, not a substantive rule that expands or contracts the statutory range of outcomes" and that "the identically-worded residual clause that is substantive when applied to the ACCA, is procedural as applied to the Guidelines." (Doc. 36 at 10; Doc. 38 at 3.) Conversely, Defendant contends that *Welch*'s reasoning applies equally to the residual clause in the Guidelines.

The Court concludes that *Johnson*'s invalidation of the residual clause in U.S.S.G. § 4B1.2(a)(2), as recognized by the Tenth Circuit in *Madrid*, is a new substantive rule in this circuit that applies retroactively to cases on collateral review. The Court adopts the reasoning of the only circuit that has addressed this question. *See In re Hubbard*, No. ––– F.3d ––––, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016) (granting request for authorization to file successive § 2255 motion) (holding that *Johnson*, as applied to the Guidelines, is a new substantive rule that applies retroactively to cases on collateral review). The Fourth Circuit reasoned that the "substantive reach of the Sentencing Guidelines would be altered just as much as was true for the ACCA." *Id.* at *7. The court further reasoned that the Guidelines, while ultimately discretionary, "hardly represent a mere suggestion to courts about the proper sentences defendants should receive." *Id.*; *see also United States v. Beck*, No. 8:13CR62, 2016 WL 3676191, at *7–8 (D. Neb. July 6, 2016) (reaching same conclusion).

Although the Tenth Circuit has not issued a substantive holding on retroactivity, it has granted authorization to file second or successive petitions challenging the Guidelines' residual clause. *See, e.g., In re Encinias*, No. 16–8038, 2016 WL 1719323, at *1 (10th Cir. Apr. 29, 2016). Further, similar to the *Hubbard* court, the *Madrid* court reasoned that the Guidelines remain the "mandatory starting point for a sentencing determination" and that "a district court can be reversed for

4

>failing to correctly apply them despite the ability to later deviate from the recommended range." *Madrid*, 805 F.3d at 1211. Accordingly, following Fourth Circuit precedent and Tenth Circuit reasoning, the Court holds that a *Johnson/Madrid* challenge to a Guidelines sentence may be raised by a defendant on collateral review.

*Daugherty*, 2016 WL 4442801, at *5-6. The court finds the above analysis persuasive and adopts it. The court concludes that *Johnson* applies retroactively to the Guidelines.

### B.     Pertinent Framework of the USSG

Defendant was sentenced under U.S.S.G. § 4B1.1(a), which provides, in relevant part, that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The USSG defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2.

The Presentence Report ("PSR") determined the base offense level for conspiracy to possess 302.373 grams of actual methamphetamine with intent to distribute was 34 under U.S.S.G. § 2D1.1(c)(3). PSR at 8, ¶ 30. The PSR adjusted the offense level with a three level reduction for acceptance of responsibility. *Id*. at 9, ¶¶ 36-37. The PSR classified defendant a career offender under U.S.S.G. § 4B1.1 based on his prior Aggravated Battery and Criminal Threat convictions. The PSR listed two prior convictions for criminal threat, one committed in

5

1998 and the other in 2001. PSR at 19 and 22, ¶¶ 61 and 67. Defendant had one aggravated battery conviction. *Id.* at 21, ¶ 66. These convictions bumped the offense level back to 34 under U.S.S.G. § 4B1.1. *Id.*, ¶ 39.

As the court noted in its previous order (Dkt. 132):

Amendment 782 to the guidelines reduced the base offense levels assigned to drug quantities in § 2D1.1, effectively lowering the guidelines for some drug offenses. *See* U.S.S.G., Suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). The amendment became effective November 1, 2014, and applies retroactively. The catch is that the amendment has no impact on a sentence that was based on the career-offender provision under § 4B1.1. *See United States v. Parker*, 2016 WL 1459518, *2 (10th Cir. 2016).

Since career-offender status requires at least two prior convictions of either a crime of violence or a controlled substance offense, defendant would be entitled to resentencing only if the predicate convictions for criminal threat no longer qualify as crimes of violence.

### C. Kansas' Criminal Threat Statute

Defendant argues that "Kansas (sic) criminal threat is not a 'crime of violence' within § 4B1.2's definition because the 'fear' element contemplated by the statute can be satisfied absent proof of threat." Dkt. 121, Memorandum of Law at 4. He also argues that Kansas' current statute for criminal threat criminalizes a broader swath of conduct than § 4B1.2's definition of a crime of violence because it does not require the kind of violent force *Johnson* described – "force capable of causing physical pain or injury to another person." *Johnson*, 130 S.Ct. at 1271. The court agrees with defendant but for other reasons.

As an initial matter, defendant's convictions for criminal threat were not under the current Kansas criminal statute, Kan. Stat. Ann. §21-5415(a),[2] but under Kan. Stat. Ann. § 21-

---

[2] Kan. Stat. Ann. § 21-5415 (2011) states: "(a) A criminal threat is any threat to: (1) Commit violence communicated with intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of

3419 (1998, 2001). The latter defines criminal threat as any threat to "commit violence communicated with intent to terrorize another, . . . or in reckless disregard of the risk of causing such terror." Kan. Stat. Ann. § 21-3419(a)(1). The difference between these statutes, however, does not affect the court's analysis or conclusion.

Defendant's argument that the fear element can be satisfied absent proof of threat is conclusory and lacks support. A conviction for Kansas criminal threat requires proof that a threat was made. *State v. Gunzelman*, 210 Kan. 481, 486(1972) ("the main elements of the offense are threats communicated with a specific intent to terrorize another."). The offense of criminal threat requires a communication, which involves both the declaration of a threat and the perception and comprehension of the threat. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985, 993 (2007).

Intent is also a required element. *State v. Meinert*, 31 Kan.App.2d 492, 499, 67 P.3d 850 (criminal threat requires specific intent), *rev. denied*, 276 Kan. 972 (2003). Kan. Stat. Ann. § 21-3419 provides alternative mental states: 1) intent to terrorize, or 2) reckless disregard of the risk of terrorizing. *State v. Williams*, 303 Kan. 750, 761 (2016) ("We agree with the Court of Appeals that the legislature created alternative means when it defined two mental states in K.S.A. 21–3419(a)(1)."). Because the statute lists alternative means of a single element, it is an indivisible statute. *Mathis v. United States*, 136 S.Ct.2243, 2248-50 (2016). Accordingly, the court may not apply the modified categorical approach to determine the means by which defendant committed his prior crimes.

Applying the categorical approach, the court concludes that a criminal threat conviction under Kan. Stat. Ann. § 21-3419 is not categorically a crime of violence under U.S.S.G. § 4B1.2

---

transportation, or in reckless disregard of the risk of causing such fear or evacuation, lock down or disruption in regular, ongoing activities; (2) adulterate or contaminate any food, raw agricultural commodity, beverage, drug, animal feed, plant or public water supply; or (3) expose any animal in this state to any contagious or infectious disease."

because such an offense encompasses reckless conduct. Courts have consistently held that only crimes involving purposeful or intentional behavior qualify as crimes of violence. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (use of physical force "most naturally suggests a higher degree of intent than negligent or merely accidental conduct"); *United States v. Zuniga-Soto*, 527 F.3d 1110, 1123-24 (10th Cir. 2008) (a mens rea of recklessness does not satisfy use of physical force requirement); *United States v. Armijo*, 651 F.3d 1226, 1234 (10th Cir. 2011) ("[O]nly those crimes with a mens rea of intent or purpose qualify as crimes of violence."). Because Kan. Stat. Ann. § 21-3419 includes a mens rea of recklessness, it covers a broader swath of conduct than the USSG's definition of "crime of violence." Thus, defendant's convictions for criminal threat may not be used as predicates for career-offender status. The court finds defendant is eligible for resentencing.

**IT IS THEREFORE ORDERED** this 13th day of December, 2016, that defendant's motion to lift stay (Dkt. 135) is **GRANTED**; his motion to amend (Dkt. 137) is **DENIED**; and his motion to vacate (Dkt. 121) is **GRANTED.**

**IT IS FURTHER ORDERED** that the probation office prepare an amended PSR and this matter set for resentencing.

s/ J. Thomas Marten
J. THOMAS MARTEN, District Judge