IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Case No. 07-10034-01-JWB

ACE A. ALDERSHOF,

       Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. § 3582, request for appointment of counsel, and supplement.  (Docs. 205, 206.)  The government has filed a response.  (Doc. 207.)  No reply has been filed and the time for doing so has expired, making the motion ripe for decision.  For the reasons stated below, the motion to reduce sentence and the request for appointment of counsel are DENIED.

**I.  Facts and Procedural History**

Defendant entered a plea of guilty on September 12, 2007, to a charge of attempted possession with intent to distribute approximately one pound of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.  (Docs. 94, 95.)  At sentencing, Defendant's guideline range for imprisonment under the federal sentencing guidelines was determined to be 188-235 months, resulting from a finding that Defendant qualified as a career offender, with a total offense level of 31 and a criminal history category of VI.  (*See* Doc. 106.)  The court granted a motion for downward departure and sentenced Defendant to a term of imprisonment of 144 months, with judgment entered on January 2, 2008.  (Doc. 108.)

On December 13, 2016, the court granted Defendant's motion for relief under 28 U.S.C. § 2255, based upon intervening Supreme Court rulings on the definition of prior "crimes of violence." (Doc. 138.)  An amended Presentence Report was prepared (Doc. 139), which found the applicable guideline range to be 151-188 months, based on an offense level of 29 and a criminal history category of VI.  (Doc. 145.)  A departure was again granted, and Defendant was resentenced to time-served, to be followed by a four-year period of supervised release.  (Doc. 144.)

On July 7, 2020, Defendant was arrested for alleged violations of supervised release. (Docs. 189, 190.)  Defendant admitted the violations and was sentenced by this court to a term of 15 months imprisonment, to be followed by a three-year term of supervised release.  (Doc. 203.) Judgment was entered July 22, 2020.  (*Id.*)  According to the Bureau of Prisons website, Defendant's projected release date is July 27, 2021.   FED. BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results  (last  accessed  Mar.  8, 2021).

On  January  11,  2021,  Defendant  filed  a  motion  for  release  under  18  U.S.C.  § 3582(a)(1)(A).  (Doc. 205.)  The motion asserts that Defendant suffers from ulcerative colitis and that this makes him more likely to contract and suffer effects from COVID-19.  Defendant asserts that the virus is prevalent at Greenville FCI, where he is incarcerated.  He seeks release on home confinement to live with his wife and children in Wichita, Kansas.  (*Id.* at 5.)

The government opposes the motion.  It first argues that Defendant has failed to meet his burden to show that he exhausted administrative remedies by submitting his motion to the warden of the facility.  (Doc. 207 at 9.)  Even if Defendant's showing of exhaustion is sufficient, the government argues that Defendant has not shown that his colitis condition gives rise to a risk so

severe as to warrant early release.  (*Id.* at 18.)  Finally, the government argues that the factors in 18 U.S.C. § 3553(a) weigh against any reduction in sentence.  (*Id.* at 19.)

Defendant is currently incarcerated at FCI Greenville.  He is 45 years old.  FCI Greenville is a medium security facility with 976 inmates.  According to the BOP, Greenville FCI currently reports one active COVID-19 case among inmates, zero active cases among staff, zero prior COVID-19 relates deaths among inmates and staff, 742 inmate recoveries from COVID-19, and 64 staff recoveries.  FED. BUREAU OF PRISONS, COVID-19 CASES, https://www.bop.gov/coronavirus/ (last accessed Mar. 8, 2021).

## II. Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."  *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A).  This requirement is jurisdictional.  *Id.*

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c)...and a determination has been made ...that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii).  The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

Defendant bears the burden of establishing that compassionate release is warranted under the statute.  *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).  *See also United States v. Hendricks*, No. 18-10036-JWB, 2021 WL 700008, at *2 (D. Kan. Feb. 23, 2021).

## III.  Analysis

### A. Exhaustion

The government challenges whether Defendant has satisfied the exhaustion requirement. Defendant's motion includes a letter dated October 26, 2020 from Defendant addressed to the warden of FCI Greenville petitioning for early release.  (Doc. 205 at 8-10.)  Defendant's supplemental filing includes a form that Defendant represents he sent to the warden on November

8, 2020, and further states that Defendant sent the aforementioned letter to the warden via "email staff messaging." (Doc. 206 at 1.) The court concludes that at this stage of the proceedings, Defendant's submission and representations are sufficient to show exhaustion of administrative remedies.

### B. Extraordinary and Compelling Circumstances

The court finds Defendant has failed to establish extraordinary and compelling circumstances that warrant consideration of a reduced sentence. Although Defendant has shown that he suffers from ulcerative colitis, he has not shown that this condition presents a significant or severe threat to his health in light of the prospect of contracting COVID-19. *Cf. United States v. Moreno,* No. 13-20079-JWL, 2021 WL 512225, at *4 (D. Kan. Feb. 11, 2021) (defendant failed to show that his conditions, including ulcerative colitis, warranted a reduction).

### C. Sentencing Factors

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Even if Defendant had shown a condition sufficient to warrant consideration as an extraordinary and compelling circumstance, the sentencing factors in § 3553 show that a reduction in his sentence is not warranted. Defendant's prior criminal history includes multiple instances of

domestic violence.  He has had a long struggle against substance abuse, including admitted addictions to cocaine and methamphetamine.  (Doc. 139 at 34.)  The violations that gave rise to his current period of incarceration included possession of methamphetamine as shown by multiple positive drug tests over a period of several months, changing his residence without notifying the probation office, and failing to report for drug testing and treatment.  (Doc. 189 at 6-7.)  His prior history places him in criminal history category VI, the highest category under the sentencing guidelines.

Defendant's history and characteristics, the need for the sentence to reflect the seriousness of the offense, the need for the sentence to afford adequate deterrence, and the need for the sentence to protect the public from further crimes of Defendant, all weigh against the requested reduction. After considering all of the circumstances, the court concludes that a reduction in sentence is not warranted and should be denied.

## IV. Conclusion

Defendant's motion for sentence reduction under § 3582 (Doc. 205) is DENIED.  The request in that motion for appointment of counsel is likewise DENIED.  IT IS SO ORDERED this 9th day of March, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE